UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELAINE ABRAHAMSON and<br>BRUCE ABRAHAMSON,<br><br>              *Plaintiffs*<br><br>   v.<br><br>JOHN J. WERNERT, M.D., *et al.*,<br><br>          *Defendants* | CAUSE NO. 2:14-CV-468 RLM-JEM |

OPINION AND ORDER

Bruce Abrahamson, proceeding *pro se*, filed suit on behalf of himself and his mother, Elaine Abrahamson, against Dr. John Wernert, Adrienne Shields, and Yonda Snyder under the Americans with Disabilities Act, 42 U.S.C. 12131 *et seq.*, Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983, seeking declaratory and injunctive relief, compensatory and punitive damages, costs, and attorneys' fees. The defendants moved to dismiss [Doc. Nos. 12 and 45],[1] and Mr. Abrahamson countered by filing motions to file a second amended complaint [Doc. No. 51] and to amend his motion for preliminary injunction [Doc. Nos. 40], a motion to withdraw his appearance [Doc. No. 54], and a motion to take judicial notice of "Defendants withdrawal of $653 Per Month 'Waiver Liability' imposition" [Doc. No. 55].

---

[1] The defendants' motion to dismiss the original complaint [Doc. No. 12] was rendered moot by the filing of the amended complaint and defendants' second motion to dismiss and, accordingly, is DENIED.

Shortly thereafter attorney Kent Hull entered an appearance on behalf of Ms. Abrahamson and moved to hold the case in abeyance, to allow further briefing [Doc. No. 59], but the defendants objected correctly noting that it would only further delay proceedings. The court agrees, and for the following reasons, grants Mr. Abrahamson's motion to withdraw and the defendants' motion to dismiss the amended complaint, denies the remaining motions as moot, and gives Ms. Abrahamson to and including October 21, 2015 to file an amended complaint.

## I.

The defendants moved to dismiss plaintiffs' first amended complaint under FED. R. CIV. P. 12(b)(1) and (6).[2] In response, Mr. Abrahamson filed a brief in opposition, a motion to file a proposed second amended complaint, and a motion to "withdraw his *pro se* appearance". The court construes the latter as a motion to voluntarily dismiss the claims asserted by Mr. Abrahamson under FED. R. CIV. P. 41(a), grants Mr. Abrahamson's motion [Doc. No 54], and limits its discussion to the claims asserted on behalf of Ms. Abrahamson.[3]

---

[2] The defendants' motion to dismiss the original complaint [Doc. No. 12] was rendered moot by the filing of the amended complaint and defendants' second motion to dismiss and, accordingly, is denied.

[3] Although Elaine Abrahamson's signature appears on the complaint and other documents of record, it appears from the content of the filings and nature of the relief requested that Bruce Abrahamson is the author and driving force behind the litigation. But Mr. Abrahamson is not an attorney and doesn't appear to have established legal guardianship over his mother. While he was entitled to proceed *pro se* on his own behalf, Mr. Abrahamson cannot represent his mother in this litigation. *See* In re IFC Credit Corp., 663 F.3d 315, 318 (7th Cir. 2011); Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010); Johnson v. Bank One, N.A., 90 Fed.Appx. 956, 957 (7th Cir. 2004); 28 U.S.C. § 1654; FED. R. CIV. P. 11(a). Any concerns the court may have

The amended complaint contains a lengthy and disjointed dissertation of alleged wrongdoings by the defendants' and various other agency employees. Briefly summarized, it appear to allege that:

1. Elaine Abrahamson is 83 years old, disabled, and receiving Home and Community Based Services (HCBS) under a Medicaid waiver that allows her to remain at home and to employ her son, Bruce Abrahamson, to act as her primary caregiver. (¶¶ 16-23, 29-31, 43).

2. In late 2013, Constance Lannin and Penny Davis (employees of the Indiana Family and Social Services Administration's Division of Family Resources office in Lake County) "unlawfully processed" a second Medicaid application, without Ms. Abrahamson's consent, resulting in a discontinuation of her HCBS benefits for some unspecified period of time in "the first quarter of 2014". (¶¶ 24-27, 34)

3. Mr. Abrahamson was advocating on his mother's behalf when he: (a) reported the "Lake County Office's improprieties" to the former Secretary of the Family and Social Services Administration (FSSA), Debra Minott, and former Chief of the Division of Financial Resources, Lance Rhodes; (b) "assisted [Ms. Abrahamson] with coordinating and delegating her home based waiver benefits and making certain that the agency [didn't] further

---

had about Mr. Abrahamson's continuing role in this litigation have been alleviated by the recent appearance of counsel for Ms. Abrahamson.

improperly interfere with her Medicaid enrollment and . . . community based home waiver services"; and (c) filed this lawsuit. (¶ 24, 31-34, 45).

4. In retaliation, Ms. Lannin, Ms. Davis, "the agency" and/or "the defendants" threatened to discontinue Ms. Abrahamson's HCBS benefits, made unnecessarily duplicative document requests about Ms. Abrahamson's bank records and unearned income, and refused to approve "environmental modifications" to her home (the installation of ramps and a new shower door), in violation of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and 42 U.S.C. § 1396a(a)(3). (¶¶ 24-27, 31-40, 42, 46, 48, 52-55, 60-62).

5. "Agency representatives" violated Ms. Abrahamson's Fourteenth Amendment due process rights when they refused to specifically identify what information they were seeking, "forced" the plaintiffs to attend an administrative hearing, "misinformed" Mr. Abrahamson about the time of the hearing, threatened to discontinue benefits, refused to approve the request for a ramp and shower door, and failed to provide adequate notice and an opportunity to appeal the denial of their claims for medical assistance. (¶¶ 31-32, 35, 41, 49-52, 61).

6. Dr. John Wernert (the current Secretary of the FSSA), Adrienne Shields (the current Director of FSSA's Division of Family Resources), and Yonda Snyder (the current Director of FSSA's Division of Aging) are liable

in their official and individual capacities for the acts of agency personnel because they

> knowingly, intentionally, or grossly negligent, or with deliberate indifference . . . caused to come into being, maintained, fostered, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or . . . failed to properly train, to supervise, to retrain if necessary, to monitor or to take corrective action with respect to the defendants named herein . . ., so each defendant is legally responsible for all of the injuries and/or damages sustained by plaintiffs . . ..

(¶ 28).

7. "The defendants by means of both their policy and procedure have . . . precluded [Ms. Abrahamson] from basic medical needs and other basic necessities . . .[and] caused deprivation of [her] basic needs for daily living, requisite medical attention and medicines, and are purposefully continuing to cause [her] health to deteriorate and thereby potentiating risk of [her] premature death unnecessarily." (¶ 31, 48-55, 58).

Mindful of her *pro se* status, the court reads Ms. Abrahamson's pleadings and filings liberally. *See* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996); Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give a pro se plaintiff a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable."). While it's clear that Mr. Abrahamson believes his mother was harmed by the defendants' actions, it's difficult, if not impossible, to ascertain who the alleged

wrongdoers are, what actions they actually took, and whether Ms. Abrahamson's alleged injuries are speculative or definitive.

When considering a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all inferences in her favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and Ms. Abrahamson has provided little more. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) – one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (the allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). The confusing and conclusory allegations

in Ms. Abrahamson's amended complaint fall short of the minimal pleading requirements.

The proposed amended complaint submitted by Mr. Abrahamson with his motion for leave to amend [Doc. No. 51] doesn't cure the many defects in the amended complaint, so the court DENIES that motion and his related motion to amend the motion for preliminary injunction [Doc. Nos. 40]. FED. R. CIV. P. 15(a)(2), however, provides that leave to amend should be freely given, when justice so requires. Accordingly, the court will give Ms. Abrahamson an opportunity to amend her complaint.

For the foregoing reasons, the court:

(1) GRANTS Mr. Abrahamson's motion to withdraw (construed as a motion to voluntarily dismiss the claims asserted by Mr. Abrahamson under FED. R. CIV. P. 41(a)) [Doc. No 54];

(2) GRANTS the defendants' motion to dismiss the amended complaint [Doc. No. 45];

(3) DENIES the plaintiffs' motions to amend the motion for preliminary injunction [Doc. No. 40], and to file the proposed second amended complaint [Doc. No. 51];

(4) DENIES the remaining motions [Doc. Nos. 12, 16, 55, 57 and 59] as moot; and

(5) AFFORDS the plaintiff, Elaine Abrahamson, to and including October 21, 2015 to amend her complaint.

SO ORDERED.

ENTERED:   September 30, 2015

         /s/ Robert L. Miller, Jr.
Judge
United States District Court